PS 12C
(AL/M, 7/03)

# United States District Court

## for                    RECEIVED

### Middle District of Alabama APR 23 P 2: 04

**Petition for Warrant/Summons and Report** KETT, CLK
**for Defendant Under Pretrial Release Supervision**

Name of Defendant: Timothy Grant Jones                    Case Number: 2:07cr144-WKW
                                                          2:07cr280-MHT

Name of Releasing Judicial Officer: The Honorable Wallace Capel, Jr., U.S. Magistrate Judge

Dates of Release: 10/16/07 and 01/22/08

Original Offense: 18 USC Section 1029(a)(2) - Unauthorized Use of Access Device
                  18 USC Section 1344 -Bank Fraud
                  18 USC Section 1028(A)(a)1- Aggravated Identity Theft

Next Court Appearance: 05/14/08 (Sentencing for case #: 2:07cr144-WKW)
                       06/23/08 (Trial Date for case #: 2:07cr280-MHT))

Type of Release: $25,000 Unsecured Appearance Bonds with Pretrial Supervision

Assistant U.S. Attorney: Jerusha Adams                  Defense Attorney: Andrew Skier (2:07cr144-WKW)
                                                        Michael Peterson  (2:07cr280-MHT)

---

## PETITIONING THE COURT

[ X ]   To issue a warrant
[ ]     To issue a summons

The probation officer believes that the defendant has violated the following condition(s) of release:

| Violation Number | Nature of Noncompliance |
|---|---|
| Release Condition (1) "The defendant shall not commit any offense in violation of federal, state, or local law while on release in this case." | On April 8, 2008, the defendant was charged via complaint with two violations of Section 13A-9-13.1 of the Alabama State Code. On March 23, 2008, and March 24, 2008, the defendant negotiated worthless instruments (two checks numbered 1010 and 1073 respectively), in the amounts of $487.50 and $1,740.38. The checks were made payable to Capitol Music in Montgomery, Alabama. |
| Release Condition (x) "The defendant is prohibited from acquiring any further debt except for religious, medical, educational or subsistence expenses unless granted permission from the probation officer. | The above referenced checks were for the purchase of various musical equipment with an unauthorized total debt incurrence in the amount of $2,227.88. The defendant failed to inform or request permission to incur this debt. |

<u>Response to Prior Supervision and Action taken by U.S. Probation Officer to bring the defendant into compliance:</u>

Since the defendant's release, the supervising officer has been unsuccessful in several attempts to verify any viable, legitimate employment or source of income related to the defendant. Attempts to establish personal and/or collateral contact at the defendant's reported place of business were also unsuccessful. The business, Extreme Clean and Relocation, located at 1901 Cherry Street, Montgomery, AL, did not appear to be operational and was locked and unoccupied during at least two attempts to verify. Additionally, the defendant has provided information regarding other various contractual jobs. The supervising officer has determined that the majority of the employment information provided by the defendant to be inaccurate and untruthful.

U.S. Probation Officer Recommendation:

[ ]    The defendant's release should be
       [ X ]    revoked and defendant detained.

[ ]    The conditions of release should be modified as follows:

Respectfully submitted,

by    /s/ Jason M. Dillon

Jason M. Dillon
U.S. Probation Officer
Date: 04/23/08

Reviewed and approved: /s/ Sandra G. Wood
                       Supervisory U.S. Probation Officer

THE COURT ORDERS:

[ ]    No Action
[X]    The Issuance of a Warrant
[ ]    The Issuance of a Summons
[ ]    Other

Signature of Judicial Officer
4-23-08
Date