IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:07cr280-MHT |
| **TIMOTHY GRANT JONES** | ) | (WO) |

OPINION AND ORDER

This case is before the court on the question of defendant Timothy Grant Jones's competency to stand trial. The court must determine whether Jones is "presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d). Based on the evidence presented at a hearing on January 28, 2009, the court concludes that Jones has the mental capacity to stand trial.

The court ordered a psychiatric evaluation of Jones at the government's request after Jones filed a motion to continue averring that his competency had been called into question in open court by a magistrate judge and that arrangements were being made to conduct psychological testing.

The initial evaluation, conducted by Dr. Stephen Bailey, concluded that, among other things, Jones suffered from Bipolar II disorder and dementia.  Dr. Bailey concluded that, although Jones was capable of understanding the charges against him and of constructing an accurate history, Jones "probably" could not assist in his defense due to cognitive impairments that prevented him from applying his memory to new problem-solving activities.  Bailey report (Doc. No. 48) at 8.  Five months later, the government's expert, Dr. Rodolfo A. Buigas, evaluated Jones.  Dr. Buigas expressed the view that Jones was exaggerating mental deficits or malingering and

2

observed that Dr. Bailey had failed to control for malingering or test for effort. Dr. Buigas also stated that, even accepting Jones's claims of cognitive deficits at face value despite malingering concerns, any apparent cognitive deficits "appear mild and do not interfere with his rational understanding or ability to assist towards his own defense if motivated to do so." Buigas report (Doc. No. 41) at 13. Dr. Buigas further reported that:

> "A review of Mr. Jones's general legal knowledge revealed an adequate factual and rational understanding of the legal process. The defendant was able to accurately define the roles of various courtroom personnel and legal processes. For example, he stated that the judge "listens to the testimony, the jury "vote if guilty or not," the defense attorney's role is to "defend me, state my case," and the witnesses "tell about the case as they know it." The defendant was able to accurately relate the charges although he claims some decreased memory for details of his charge. The defendant also verbalized an understanding of the adversarial

3

> nature of the proceedings, accurately describing the role of the prosecution and indicating that a period of incarceration or other penalties could result with a finding of guilt. The defendant even understood the relatively more complex concept of a plea bargain. The defendant knew his attorney, indicated a trust for him and verbalized a reasonable means of communicating with him and even assisting his attorney towards his defense."

Id. at 12.  Ultimately, Dr. Buigas concluded that Jones "does not appear to currently suffer from a mental disease or defect that would interfere with his trial competency."  Id. at 13.

Although Jones appears to suffer from some mild cognitive deficits, a combination of factors (Dr. Bailey's equivocal observations regarding Jones's competency to stand trial, Dr. Bailey's failure to control for malingering, Jones's clear understanding of legal processes, and Dr. Buigas's conclusion that Jones would be able to assist in his defense even

4

**taking his test results at face value) leads the court to find, pursuant to 18 U.S.C. § 4241(d), that Jones is not currently suffering from a mental disease or defect such that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.**

**Accordingly, it is ORDERED that defendant Timothy Grant Jones is declared mentally competent to stand trial.**

**DONE, this the 8th day of July, 2009.**

       /s/ Myron H. Thompson
    **UNITED STATES DISTRICT JUDGE**